United States District Court
Northern District of California

1

2

3

4           UNITED STATES DISTRICT COURT

5           NORTHERN DISTRICT OF CALIFORNIA

6

7    LUTHER G. JAMISON,                      Case No. 16-cv-01465-PJH

            Petitioner,
8
                                            **ORDER DISMISSING CASE AND**
9        v.                                 **DENYING CERTIFICATE OF**
                                            **APPEALABILITY**
10   RON DAVIS,

11          Respondent.

12

13          Petitioner, a California prisoner, proceeds with a pro se petition for a writ of

14   habeas corpus pursuant to 28 U.S.C. § 2254 challenging a 2014 parole denial by the

15   Board of Parole Hearings ("BPH").  The original petition was dismissed with leave to

16   amend and petitioner has filed an amended petition.

17                                 **DISCUSSION**

18   I.    **STANDARD OF REVIEW**

19          This court may entertain a petition for writ of habeas corpus "in behalf of a person

20   in custody pursuant to the judgment of a State court only on the ground that he is in

21   custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C.

22   § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).  Habeas corpus petitions must meet

23   heightened pleading requirements.  *McFarland v. Scott*, 512 U.S. 849, 856 (1994).  An

24   application for a federal writ of habeas corpus filed by a prisoner who is in state custody

25   pursuant to a judgment of a state court must "specify all the grounds for relief available to

26   the petitioner ... [and] state the facts supporting each ground."  Rule 2(c) of the Rules

27   Governing § 2254 Cases, 28 U.S.C. § 2254.  "'[N]otice' pleading is not sufficient, for the

28   petition is expected to state facts that point to a 'real possibility of constitutional error.'"

1    Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir.

2    1970)).

3    **II.     LEGAL CLAIMS**

4          Petitioner challenges the procedures used by the BPH in denying him parole

5    which he contends violated due process.

6          In 2011, the United States Supreme Court overruled a line of Ninth Circuit

7    precedent that had supported habeas review in California cases involving denials of

8    parole by the BPH and/or the governor.  *See Swarthout v. Cooke*, 562 U.S. 216 (2011).

9    The Supreme Court held that federal habeas jurisdiction does not extend to review of the

10   evidentiary basis for state parole decisions.  Because habeas relief is not available for

11   errors of state law, and because the Due Process Clause does not require correct

12   application of California's "some evidence" standard for denial of parole, federal courts

13   may not intervene in parole decisions as long as minimum procedural protections are

14   provided.  *Id.* at 220-21.  Federal due process protection for such a state-created liberty

15   interest is "minimal," the determination being whether "the minimum procedures adequate

16   for due-process protection of that interest" have been met. The inquiry is limited to

17   whether the prisoner was given the opportunity to be heard and received a statement of

18   the reasons why parole was denied.  *Id.* at 221; *Miller v. Oregon Bd. of Parole and Post–*

19   *Prison Supervision*, 642 F.3d 711, 716 (9th Cir. 2011) ("The Supreme Court held in

20   *Swarthout* that in the context of parole eligibility decisions the due process right is

21   *procedural*, and entitles a prisoner to nothing more than a fair hearing and a statement of

22   reasons for a parole board's decision.").  This procedural inquiry is "the beginning and the

23   end of" a federal habeas court's analysis of whether due process has been violated when

24   a state prisoner is denied parole.  *Swarthout* at 220.  The Ninth Circuit has acknowledged

25   that after *Swarthout*, substantive challenges to parole decisions are not cognizable in

26   habeas.  *Roberts v. Hartley*, 640 F.3d 1042, 1046 (9th Cir. 2011).

27          Petitioner argues that the BPH erred setting his base term and adjusted base

28   term.  He states that his base term was set at 30 years, but he has not been granted

United States District Court
Northern District of California

2

1    parole despite serving 32 years.  He states this violated due process and the state court

2    case of *In re Butler*.

3        Petitioner's argument that the BPH erred in setting his base term only concerns

4    state laws and procedures.  As set forth in *Swarthout* the federal due process protections

5    do not include adherence to California procedures.  Challenges to the BPH's enactment

6    of state laws and procedures must be presented in state court.  Petitioner presented his

7    claims in state court but his challenges were all denied.  This court cannot overrule state

8    court decisions or find that California courts incorrectly interpreted state law.

9        Regardless, petitioner's claim appears to allege that under state law the base term

10   of his sentence is the full measure of the time he legally can be required to serve for his

11   crime and that, if that sentence is exceeded, he must be released.  Yet, petitioner was

12   sentenced to 25 years to life so there is a possibility that he will never be paroled.

13   Petitioner is informed that the base term is simply a starting point, and his "adjusted

14   period of confinement" will consist of his base term plus "any adjustments."  Cal Code

15   Regs. tit. 15, § 2411(a).  Such adjustments may be made for use of or being armed with

16   a weapon, causing great loss, prior prison term(s), multiple convictions, and other factors

17   such as pattern of violence, numerous crimes or crimes of increasing seriousness, the

18   defendant's status at the time (e.g., on parole or probation), as well as other aggravating

19   factors.  Cal. Code Regs. tit. 15, §§ 2406–2409.  These are matters for the BPH to

20   consider at petitioner's next parole suitability hearing.  The BPH does not sentence

21   petitioner; only the sentencing court can do that.  The BPH cannot revise sentences; it

22   can only act within California law to set parole dates, if prisoners sentenced to an

23   indeterminate term are found suitable for parole at all.

24       The case of *In re Butler* actually comprises two cases: one dealing with Butler's

25   suitability for parole, formerly published at 224 Cal. App. 4th 469 (2014) and ordered

26   depublished, now appearing at 169 Cal. Rptr. 3d 1; and a separate lawsuit, 236 Cal. App.

27   4th 1222 (Cal. Ct. App. 2015), relating to the issues discussed above.  The settlement in

28   the latter case requires the BPH to announce and implement the procedures petitioner

United States District Court
Northern District of California

1   herein contends should be applied to him.  *See in re Butler*, 236 Cal. App. 4th 1222 (Cal.

2   Ct. App. 2015).  The *Butler* court held that the stipulated order settling the case applied to

3   a class of California prisoners.  *In re Butler*, 236 Cal. App. 4th at 1244.  The calculating of

4   the base and adjusted base terms at the outset of a sentence assists the courts in

5   determining whether an indeterminate sentence is becoming excessive, or is in fact

6   excessive.  *In re Butler*, 236 Cal. App. 4th at 1243-44.[1]  This calculation may discourage

7   the BPH from unduly denying parole suitability, but *Butler* does not mandate that BPH

8   find in a prisoner's favor at any particular time.  *Id.*  Thus, the calculation of base and/or

9   an adjusted base term in petitioner's case would have only a speculative effect on

10   whether petitioner would be granted parole before the expiration of his life.  Regardless,

11   speculative or not, *In re Butler* deals only with state administrative law and the

12   procedures to be followed by the BPH.

### CONCLUSION

14   The petition is **DISMISSED** for the reasons set forth above.  Because reasonable

15   jurists would not find the result here debatable, a certificate of appealability ("COA") is

16   **DENIED**.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000) (standard for COA).

17   **IT IS SO ORDERED.**

18   Dated:  June 6, 2016

21   PHYLLIS J. HAMILTON
     United States District Judge

22   \\candoak.cand.circ9.dcn\data\users\PJHALL\_psp\2016\2016_01465_Jamison_v_Davis_(PSP)\16-cv-01465-PJH-dis.docx

---

25   [1] California's parole scheme contemplates that a prisoner sentenced to a term of years to
26   life must be found suitable for parole before a parole date can be set.  Criteria for
     determining whether a prisoner is suitable for parole are set forth in California Penal
27   Code section 3041(b) and related implementing regulations.  *See* Cal. Code Regs. tit. 15,
     § 2402.  If, pursuant to the judgment of the panel, a prisoner will pose an unreasonable
28   danger to society if released, he must be found unsuitable and denied a parole date.  Cal.
     Code Regs. tit. 15, § 2402(a).

4

1

2                             UNITED STATES DISTRICT COURT

3                            NORTHERN DISTRICT OF CALIFORNIA

4

5    LUTHER G. JAMISON,                         Case No.  16-cv-01465-PJH

                    Plaintiff,
6
                                                **CERTIFICATE OF SERVICE**
7          v.

     RON DAVIS,
8
                    Defendant.
9

10
            I, the undersigned, hereby certify that I am an employee in the Office of the Clerk,

11
     U.S. District Court, Northern District of California.

12
            That on June 6, 2016, I SERVED a true and correct copy(ies) of the attached, by

13
     placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter

14
     listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an

15
     inter-office delivery receptacle located in the Clerk's office.

16

17   Luther G. Jamison ID: C-63753
     California State Prison - San Quentin
18   San Quentin, CA 94974

19

20
     Dated: June 6, 2016

21

22                                              Susan Y. Soong
                                                Clerk, United States District Court
23

24                                              By:_____

25                                              Nichole Peric, Deputy Clerk to the
                                                Honorable PHYLLIS J. HAMILTON
26

27

28

                                                5